IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dean Alton Holcomb, a/k/a Rabbi Dean Alton Holcomb, | C/A No.: 6:15-160-MGL-SVH |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| John Timothy Martin; Michael Jarvis; Wesley Smith; Sheriff Steve Loftis; and Sylvia P. Harrison, | |
| Defendants. | |

Dean Alton Holcomb ("Plaintiff"), proceeding pro se and in forma pauperis, is a pretrial detainee at the Greenville County Detention Center in Greenville, South Carolina. He filed this action alleging violations of his constitutional rights by Assistant Solicitor Sylvia P. Harrison ("Harrison") and Greenville County Sheriff's Office ("GCSO") employees Investigator John Timothy Martin ("Martin"), Sergeant Michael Jarvis ("Jarvis"), Wesley Smith ("Smith"), and Sheriff Steve Loftis ("Loftis") (collectively "Defendants"). [ECF No. 1 at 2].

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.   Factual and Procedural Background

Plaintiff's complaint seeks damages pursuant to 42 U.S.C. §§ 1983 and 1985 related to his arrest by Martin. [ECF No. 1 at 2]. Because Plaintiff attacks the circumstances leading to his arrest, the undersigned has summarized the investigation leading to his arrest as reflected by the documents provided by Plaintiff as support for his complaint. The undersigned relies on these documents to provide background, and not for the truth of the matters asserted therein.

According to the GCSO's incident report, on May 25, 2012, Robert McGinn gave Plaintiff a check in exchange for Plaintiff's agreement to replace McGinn's roof. [ECF No. 1-1 at 1]. On January 31, 2013, McGinn's stepdaughter, Megan Halstead Baucom ("Baucom"), filed a police report on McGinn's behalf, indicating that Plaintiff cashed McGinn's check, but had not performed the work. *Id*. Baucom provided Martin with a copy of a check made out to Carolina Home Renovators ("Carolina Home"), for which Plaintiff was the registered agent. *Id*. The check was endorsed on the back by Plaintiff. *Id*. Martin attempted to call Plaintiff at his apartment complex at 50 Rocky Creek Road, Suite 9. *Id*. at 1–2. Martin reported that he spoke with the leasing manager, who advised that Plaintiff "skipped out several months ago without paying his rent." *Id*. at 2. After reciting these allegations in the incident report, Martin states, "I will go before a mag and sign a warrant." *Id*. Based on his affidavit, on April 12, 2013, Martin obtained a warrant for Plaintiff's arrest, and Plaintiff was subsequently arrested. *Id*. at 13.

In his complaint, Plaintiff appears to attack the facts surrounding his state court charges. For instance, Plaintiff claims that: (1) he owned only a 25% share in Carolina

2

Home, which was the party to the contract with McGinn [ECF No. 1 at 3]; (2) Baucom was not a party to the contract and did not witness the work done on McGinn's home, *id*.; (3) Martin did not make a "genuine effort" during his investigation to contact Plaintiff, the alleged victim, the other members of Carolina Home, or the other salesman listed on the contract, *id*. at 5; and (4) Martin requested the warrant based solely on statements of Baucom and the leasing manager of Plaintiff's former apartment, *id*.

Plaintiff alleges Martin committed perjury and tampered with evidence related to his investigation of the incident. In support of his perjury claim, Plaintiff states that on May 28, 2013, McGinn admitted that "'workers started on the house the next day or so, . . . . cleaning and staining the wood siding and deck . . . .'" [ECF No. 1 at 8]. Plaintiff alleges that this shows Martin's sworn statement given on April 12, 2013, related to McGinn's roof was intentionally false. *Id*. In support of his claim that Martin "used image editing software to manipulate evidence," Plaintiff points out that on one of the documents he submitted as evidence, the date stamp is in a different place than on the others. *Id*. at 8–9; *see also* ECF No. 1-1 at 11.[1]

Plaintiff claims against Jarvis, Smith, and Loftis appear to be based on supervisory liability. [ECF No. 1 at 10–12]. Plaintiff's claims against Harrison appear to be based on her prosecution of the charges against Plaintiff. *Id*. at 12–13.

---

[1] Plaintiff alleges that Martin manipulated two documents, but only one of them appears to be attached to his complaint. [ECF No. 1 at 8–9; ECF No. 1-1 at 11].

II.     Discussion

    A.     Standard of Review

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently

4

cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis[2]

1.   False Arrest

To establish a § 1983 claim based on a Fourth Amendment violation for false arrest, a plaintiff must show that a seizure was effected without probable cause and that the legal process terminated in his favor. *See Massey v. Ojaniit*, 759 F.3d 343, 356 (4th Cir. 2014); *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183 (4th Cir. 1996). To demonstrate that an officer unreasonably seized an individual based on a warrant that lacked probable cause, a plaintiff must show that the officer "deliberately or with a reckless disregard for the truth made material false statements in his affidavit or omitted from that affidavit material facts with the intent to make, or with reckless disregard of whether they thereby made, the affidavit misleading." *Miller v. Prince George's Cnty.*, 475 F.3d 621, 627 (4th Cir. 2007) (internal citations and quotation marks omitted). However, allegations of negligence or innocent mistake are insufficient to provide a basis for a constitutional violation. *Id.* at 627–28.

Plaintiff's complaint provides insufficient facts to challenge the validity of the warrant Martin obtained against him for breach of trust with fraudulent intent. [ECF No. 1-1 at 13]. Plaintiff does not offer any facts to show that Martin intentionally lied in

---

[2] Plaintiff listed perjury and evidence tampering as his causes of action. The undersigned has liberally construed his complaint as alleging claims of false arrest, malicious prosecution, and conspiracy, but has addressed the claims of perjury and evidence tampering within the discussion.

drafting the affidavit in support of the warrant. Although Plaintiff claims McGinn admitted on May 23, 2013, that workers began cleaning and staining the wood siding and deck, such a statement is irrelevant to the whether Plaintiff replaced McGinn's roof. Further, there is no evidence Martin knew of McGinn's statement when Martin made his sworn statement in the arrest warrant on April 12, 2013. Plaintiff has not set forth any evidence showing that any statement in the arrest warrant was deliberately false or made with reckless disregard for the truth.

Plaintiff has not alleged any facts supporting his claim that Martin tampered with any evidence. To the extent Plaintiff argues that the location of the date stamp on a few documents shows that Martin edited the documents, such an allegation is insufficient to withstand summary dismissal.

At most, Plaintiff's allegations support a negligent investigation claim against Martin, which is insufficient to state a constitutional claim. *Goodwyn v. Kincheloe,* 803 F.2d 713 (4th Cir. 1986) (holding that a police officer's negligent investigation does not rise to the level necessary to state a claim under § 1983); *Carter v. Bone*, C/A No. 3:09-779-CMC-JRM, 2010 WL 558598, *6 (D.S.C. Feb. 10, 2010) (finding that there is no cause of action for negligent investigation under § 1983). Accordingly, Plaintiff's false arrest claim is subject to summary dismissal.

    2.    Malicious prosecution

"[I]t is not entirely clear whether the Constitution recognizes a separate constitutional right to be free from malicious prosecution." *Snider v. Seung Lee*, 584 F.3d 193, 199 (4th Cir. 2009). However, to the extent such right exists, a plaintiff must

demonstrate seizure "'pursuant to legal process that was not supported by probable cause and [ ] that the criminal proceedings have terminated in plaintiff's favor.'" *Durham v. Horner*, 690 F.3d 183, 188 (4th Cir. 2012) (quoting *Burrell v. Virginia*, 395 F.3d 508, 514 (4th Cir. 2005)). Plaintiff has not offered any evidence that the challenged arrest has been terminated in his favor, and therefore, his malicious prosecution claim is subject to summary dismissal.

### 3. Conspiracy

Plaintiff alleges Defendants have conspired "to conceal Martin's criminal acts." [ECF No. 1 at 3]. Under 42 U.S.C. § 1983 and § 1985, an alleged conspiracy must be pled and proved by concrete facts, not mere conclusory allegations. *Simmons v. Poe*, 47 F.3d 1370, 1376–77 (4th Cir. 1995); *Buschi v. Kirven*, 775 F.2d 1240, 1248 (4th Cir. 1985). In addition, the Supreme Court has held that, to establish a federal conspiracy claim under § 1985, a plaintiff must show that the alleged conspiracy is motivated by "some racial, or perhaps otherwise class-based invidiously discriminatory animus." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *see also Trerice v. Summons*, 755 F.2d 1081, 1085 (4th Cir. 1985). Plaintiff provides no allegations to demonstrate that Defendants came to a mutual understanding or acted jointly in concert to deprive him of any constitutional right. Plaintiff also fails to allege that Defendants acted with a discriminatory motive. Plaintiff's conspiracy allegations are subject to summary dismissal.

       4.      Prosecutorial Immunity

Plaintiff sues Harrison for actions associated with the prosecution of his state criminal charges, including Harrison's indictment of Plaintiff and her continued prosecution of Plaintiff despite Martin's alleged evidence tampering. [ECF No. 1 at 13]. Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Because Harrison is entitled to prosecutorial immunity from Plaintiff's claims, Harrison should be summarily dismissed from this case.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss this case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*[signature: Shiva V. Hodges]*

March 23, 2015                                 Shiva V. Hodges
Columbia, South Carolina              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).