IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dean Alton Holcomb, a/k/a Rabbi Dean Alton Holcomb, | C/A No.: 6:15-160-MGL-SVH |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| John Timothy Martin; Michael Jarvis; Wesley Smith; Sheriff Steve Loftis; and Sylvia P. Harrison, | |
| Defendants. | |

Dean Alton Holcomb ("Plaintiff"), proceeding pro se and in forma pauperis, is a pretrial detainee at the Greenville County Detention Center in Greenville, South Carolina. He filed this action alleging violations of his constitutional rights by Assistant Solicitor Sylvia P. Harrison ("Harrison") and Greenville County Sheriff's Office ("GCSO") employees Investigator John Timothy Martin ("Martin"), Sergeant Michael Jarvis ("Jarvis"), Wesley Smith ("Smith"), and Sheriff Steve Loftis ("Loftis") (collectively "Defendants"). [ECF No. 1 at 2].

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned issued a Report and Recommendation ("Report") on March 23, 2015, recommending Plaintiff's complaint be dismissed without service of process. [ECF No. 16]. On April 13, 2015, Plaintiff filed objections to the Report and requested leave to amend his complaint. [ECF No. 18]. On July 2, 2015, the Honorable Mary G. Lewis, United States District Judge, granted Plaintiff leave to amend

his complaint and mooted the Report. [ECF No. 22]. On August 3, 2015, the undersigned granted Plaintiff until August 17, 2015, to file an amended complaint. [ECF No. 25]. Plaintiff failed to file an amended complaint, but filed a motion to stay this case on August 17, 2015. [ECF No. 27]. The undersigned denied Plaintiff's motion to stay on August 18, 2015, and granted Plaintiff an extension until September 1, 2015, to file an amended complaint. [ECF No. 28]. The undersigned further advised Plaintiff that "[s]hould [he] choose not to file an amended complaint, the case will be recommended for dismissal for failure to prosecute." *Id.*

Notwithstanding the specific warning and instructions set forth in the court's order, Plaintiff has failed to file an amended complaint. As such, it appears to the court that he wishes to abandon this action. Based on the foregoing, the undersigned recommends this action be dismissed with prejudice for failure to prosecute. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

IT IS SO RECOMMENDED.

September 8, 2015                                         Shiva V. Hodges
Columbia, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).